**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 21 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| J. AGUIRRE; et al., | No. 23-55315 |
| Plaintiffs-Appellants, | D.C. No. 2:22-cv-07435-MWF-JEM |
| v. | |
| ALEJANDRO VILLANUEVA; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| SHEILA KEUHL, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted February 12, 2024**
Pasadena, California

Before: W. FLETCHER, NGUYEN, and LEE, Circuit Judges.

Plaintiffs are pre-trial detainees in Los Angeles County who allege that they

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

are harmed by their placement and retention in custody because they are too poor to pay cash bail. They brought a putative class action suit against the former and current Los Angeles County Sheriff ("Sheriff Defendants"), as well as several members of the Los Angeles County Board of Supervisors ("Supervisor Defendants") (collectively, "Defendants").[1] The district court dismissed the Plaintiffs' Second Amended Complaint on two grounds: 1) that Plaintiffs could not adequately plead that the Defendants were the proximate cause of their alleged injury, and 2) that Plaintiffs' claims against the Supervisor Defendants are barred by legislative immunity. We have jurisdiction under 28 U.S.C § 1291. We review de novo the district court's dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998), and for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015). We affirm.

1.      Plaintiffs fail to adequately plead that the Supervisor Defendants are the proximate cause of their alleged injury of being held on excessive bail in violation of the Eighth Amendment. "[A] public official is liable under § 1983 only if he *causes* the plaintiff to be subjected to a deprivation of his constitutional

---

[1] The district court did not have jurisdiction over the Sheriff Defendants because the Sheriff Defendants were never served. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4.") (citation omitted). They are not parties to this appeal.

rights." *Baker v. McCollan*, 443 U.S. 137, 142 (1979) (quotation marks and citation omitted) (emphasis in original). Plaintiffs' bail amounts are determined by countywide bail schedules that are prepared and adopted by the superior court judges in each county. Cal. Pen. Code § 1269b(c); *see also Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 663 (9th Cir. 2007) (rejecting argument that officers in sheriff's department were actual and proximate cause of allegedly excessive bail). For some offenses, the bail schedule requires judges or magistrates to exercise their discretion in setting bail. Cal. Pen. Code § 1275. Plaintiffs' Second Amended Complaint does not include any allegations as to what role the Supervisor Defendants play in this statutory regime.

The Second Amended Complaint merely alleges that the Sheriff Defendants are holding Plaintiffs in custody on cash bail set at an amount they cannot afford to pay, in violation of the Eighth Amendment, and that the Supervisor Defendants are liable for this "wrongful conduct" because "they caused it, ratified it, condoned it, or otherwise made it possible, by their actions and/or inactions, and by a willful failure to fund policies that might correct and prevent constitutional violations, and caused and/or created LASD policies, practices, procedures, and/or customs, that caused the LASD sheriff's and officers' unconstitutional conduct." We need not reach the causation issue with respect to the Sheriff Defendants, who are not parties to this appeal. But even if we agreed that the Sheriff Defendants could be

3

held liable under §1983 for enforcing the countywide bail schedule, there is still a causal step separating the Supervisor Defendants from that alleged "wrongful conduct," because there are no allegations that the Supervisor Defendants play any role in setting, approving, ratifying, or enforcing the bail schedule.

2. Plaintiffs' claims against the Supervisor Defendants are also barred by legislative immunity. *See Bogan v. Scott–Harris*, 523 U.S. 44, 49 (1998) (recognizing that local legislators are "absolute[ly] immune[e] from suit under § 1983 for their legislative activities"). [2]

We consider four factors in determining whether an act is legislative in character and effect, thereby subjecting it to legislative immunity: "(1) whether the act involves ad hoc decisionmaking, or the formulation of policy; (2) whether the act applies to a few individuals, or the public at large; (3) whether the act is formally legislative in character; and (4) whether it bears all the hallmarks of traditional legislation." *Cmty. House, Inc. v. City of Boise*, 623 F.3d 945, 960 (9th Cir. 2010) (citing *Kaahumanu v. Cnty. of Maui*, 315 F.3d 1215, 1220 (9th Cir. 2003)). Each factor weighs in favor of applying legislative immunity here. Plaintiffs allege that the Supervisor Defendants 1) willfully fail to fund policies

---

[2] Legislative immunity applies to lawmakers sued in their individual capacities. *See Schmidt v. Contra Costa Cnty.*, 693 F.3d 1122, 1131 n.10 (9th Cir. 2012). To the extent that the complaint purports to sue the Supervisor Defendants in their official capacities, state officials acting in their official capacities are not persons subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

4

that might prevent constitutional violations, 2) create the Sheriff's policies and customs that cause the Sheriff's unconstitutional conduct, and 3) fail in their duty to train police in proper policing and jail procedures. Plaintiffs assert that these are "administrative acts," rather than legislative acts, but that is not a well-pleaded factual allegation. Funding the Sheriff's Department and creating its policies are "discretionary, policymaking decision[s] implicating the budgetary priorities of the city." *Kaahumanu*, 315 F.3d at 1223 (quoting *Bogan*, 523 U.S at 55–56). Accordingly, the Supervisor Defendants are entitled to legislative immunity.

3. The district court, having already provided Plaintiffs two opportunities to amend their complaint to fix pleading deficiencies related to causation, acted within its discretion in dismissing the Second Amended Complaint with prejudice. The district court referred to the factors set forth in *Foman v. Davis*, 371 U.S. 178 (1962), and correctly concluded that amendment would be futile because it would not be "possible for Plaintiffs to allege that the Supervisor Defendants . . . are a proximate cause of Plaintiffs' constitutional harm . . . ."

**AFFIRMED.**